IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT WAYNE CORNELISON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1750-M-BD |
| | § | |
| RICK THALER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Vincent Wayne Cornelison, a former Texas prisoner,[1] challenging the conditions of his confinement at two TDCJ facilities -- the Hutchins State Jail and the Dawson State Jail. On July 22, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the

---

[1] Plaintiff was incarcerated at the time he filed his complaint. He was released from TDCJ custody on or about October 28, 2011.

factual basis of his suit. Although plaintiff answered the interrogatories, the court determined that a *Spears*[2] hearing was necessary to investigate the factual basis of the complaint in more detail. That hearing was held on November 10, 2011. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

In April 2011, plaintiff, who suffers from a variety of medical ailments, including diabetes, was arrested for possession of a forged check and booked into the Tarrant County Jail. (*See* Plf. Am. Compl., Attch. at Page ID 56). Plaintiff pled guilty and was sentenced to six-months confinement. (*See id.*). On or about July 6, 2011, plaintiff was transferred from the Tarrant County Jail to the Hutchins State Jail to serve the three months remaining on his sentence. (*Id.*; *see also* Mag. J. 2nd Interrog. #1). Three weeks later, on July 28, 2011, plaintiff was transferred to the Dawson State Jail. (*See* Mag. J. 2nd Interrog. #1-2). During his brief stay at the Hutchins State Jail, plaintiff alleges that he was denied access to the courts and subjected to cruel and unusual punishment due to the lack of air conditioning. (*See* Plf. Compl., Attch. at Page ID 57; Mag. J. 1st Interrog. #9-10; Mag. J. 2nd Interrog. #6, 13-14). At both the Hutchins State Jail and the Dawson State Jail, plaintiff contends that he was denied access to insulin for his diabetes, which allegedly caused him to suffer multiple seizures and experience chest pain, and that the jail medical staff did not properly treat a slow-healing toe wound. (*See* Mag. J. 2nd Interrog. #1-2). Finally, plaintiff challenges his six-month sentence for possession of a forged check and a $100 fee charged to prisoners for medical care. (*See* Mag. J. 1st Interrog. #10; Mag. J. 2nd Interrog. #2).

---

[2] *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>  (i)    is frivolous or malicious;
> 
>  (ii)   fails to state a claim on which relief may be granted; or
> 
>  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against six defendants named in his complaint -- Texas Governor Rick Perry, TDCJ Executive Director Rick

Thaler, Warden Pringle, Warden Boyd, Dr. Cauley, and Dr. Brady. As executive officers or supervisors, these defendants are liable for civil rights violations only if: (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege personal involvement or an unconstitutional policy. Instead, plaintiff explained at the *Spears* hearing that he has sued Governor Perry, Director Thaler, the two wardens, and the two doctors based on his belief that these defendants are responsible for the actions of their subordinates. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 104 S.Ct. 248 (1983). The claims against these defendants should be summarily dismissed.

C.

Nor has plaintiff stated a claim for denial of access to the courts. The due process clause of the Fourteenth Amendment "assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 612, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976); However, no court has ever extended this right beyond the ability to prepare and transmit necessary

legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

According to plaintiff, a corrections officer and a librarian at the Hutchins State Jail refused to send out his legal mail, treated him poorly, and threatened to send him to administrative segregation if he did not leave the library. (*See* Mag. J. 1st Interrog. #13; Mag. J. 2nd Interrog. #6, 13). At the *Spears* hearing, plaintiff testified that these incidents occurred on July 20, 2011, as he was preparing his *pro se* complaint. Yet plaintiff was able to file his complaint two days later with no adverse legal consequences. Under these circumstances, plaintiff has failed to show that he was denied access to the courts.

D.

Plaintiff also challenges the conditions of his confinement while incarcerated in the Hutchins State Jail. The treatment of prisoners and the conditions of their confinement are subject to scrutiny under the Eighth Amendment to the United States Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994), *citing Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). Among the constitutional duties imposed on prison officials are to ensure that inmates receive adequate food, clothing, shelter, sanitation, and medical care. *Id.*, 114 S.Ct. at 1976, *citing Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). In order to establish a constitutional violation, plaintiff must show that the conditions of his confinement deprived him of some "basic human need" or other "minimal civilized measure of life's necessities," *see Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (citing cases), and that prison officials were deliberately indifferent to his health and safety. *See Farmer*, 114 S.Ct. at 1977.

In his complaint and interrogatory answers, plaintiff generally complains about the lack of air conditioning at the Hutchins State Jail. (*See* Plf. Compl., Attch. at Page ID 57; Mag. J. 1st Interrog. #11, 14). However, plaintiff fails to identify any basic human need that jail officials failed to meet. Nor is there any indication that the warden and his staff were deliberately indifferent to plaintiff's health and safety. While the lack of air conditioning may be unpleasant or uncomfortable, it does not give rise to an Eighth Amendment violation. *See Montgomery v. Cruz*, No. 3-11-CV-0709-O, 2011 WL 2990564 at *2 (N.D. Tex. Jun. 22, 2011), *rec. adopted*, 2011 WL 2990490 (N.D. Tex. Jul. 22, 2011) (summarily dismissing Eighth Amendment claim alleging lack of access to air conditioning).

E.

Plaintiff contends that he was denied insulin for his diabetes, which allegedly caused him to suffer multiple seizures and experience chest pain, and that he was not properly treated for a slow-healing toe wound.[3] To establish a constitutional violation based on the denial of medical care, plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain[.]" *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that jail officials were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer*, 114 S.Ct. at 1984. "Deliberate indifference is an extremely high standard to meet." *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). An incorrect diagnosis or a disagreement with

---

[3] In his pleadings, plaintiff also appears to take issue with his medical care for a psychiatric disorder and other health problems. However, at the *Spears* hearing, plaintiff clarified that his only complaints about medical care involve the refusal of jail officials to provide him with insulin, the failure to treat his seizures, and the treatment of his toe wound.

medical treatment do not constitute deliberate indifference. *See, e.g. Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rather, plaintiff must show that jail officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Stated differently, plaintiff must plead and prove a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs[,]" *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983), and that jail officials knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.), *cert. denied*, 120 S.Ct. 249 (1999), *quoting Farmer*, 114 S.Ct. at 1979.

Prior to the *Spears* hearing, the court obtained copies of plaintiff's medical records from the TDCJ.[4] These records show that plaintiff was examined by a nurse, Katherine M. Little, soon after his arrival at the Hutchins State Jail on July 9, 2011. Two days later, on July 11, plaintiff had a blood glucose test and was seen by a physician assistant, Anada Babbili. The results of that test revealed that plaintiff was a non-insulin dependent diabetic. In view of these test results, Babbili prescribed Glucophage instead of Humalog or Novalog, the insulin medications requested by plaintiff. Additional blood glucose tests were performed on July 13 and July 27. On July 28, plaintiff was transferred to the Dawson State Jail, where he remained until September 9, 2011. While at that facility, plaintiff was examined by Dr. Subhash Joshi for diabetes-related problems with his big toe. Dr. Joshi prescribed daily wound care and noted that plaintiff was taking Glucophage for diabetes. His toe wound was treated with anti-bacterial medications and topical anti-

---

[4] Plaintiff signed the necessary HIPAA authorizations for the release of his medical records.

fungal cream. Plaintiff was continued on his diabetes medications and frequently seen by the medical staff throughout his five-week stay at the Dawson State Jail. From July 28, 2011 to September 4, 2011, plaintiff had five blood glucose tests and was provided wound care 22 times by five different nurses. Although jail records show that plaintiff once complained of "feeling funny" when his blood sugar level was elevated, there is no evidence that he suffered any seizures or experienced significant chest pain. There simply is no plausible basis for concluding that jail officials were deliberately indifferent to plaintiff's diabetes or related problems. That plaintiff disagrees with the medications he was given or the treatment he was provided does not give rise to an Eighth Amendment violation. *See Norton*, 122 F.3d at 292.

F.

Finally, plaintiff challenges his six-month sentence for possession of a forged check and a $100 fee charged to Texas prisoners who seek medical care while incarcerated. The first claim is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which holds that a state prisoner cannot bring a section 1983 action challenging his confinement unless the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. At the *Spears* hearing, plaintiff conceded that his criminal conviction and sentence have never been overturned, expunged, or declared invalid. Consequently, he is precluded from maintaining a civil rights action under 42 U.S.C. § 1983.

Similarly, plaintiff has failed to state a cognizable claim based on the $100 fee charged to prisoners for medical care. Because plaintiff paid this fee and received medical care, he has not been deprived of any right, privilege, or immunity secured by the United States Constitution. To the

extent plaintiff intends to bring this claim on behalf of other prisoners who may have been denied medical care due to their inability to pay the fee, he lacks standing to do so. *See Kennedy v. Dallas Police Dept.*, No. 3-06-CV-0716-G, 2007 WL 30260 at *2 (N.D. Tex. Jan. 4, 2007) (citing cases) (plaintiff may bring section 1983 actions only for deprivations he himself has suffered).

### **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE